**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Lori Schweer,<br>         Plaintiff<br><br>v.<br><br>HOVG, LLC, *et al.*,<br>         Defendants | Docket 3:16-cv-01528-KM<br>(M.J. KAROLINE MEHALCHICK)<br><br><br><br>FILED ELECTRONICALLY |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ADDRESSING THE
APPLICABILITY OF *HENSON***


s/ Carlo Sabatini
Carlo Sabatini
Bar Number PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com

The FDCPA provides a two prong disjunctive standard for "debt collector." 15 U.S.C. § 1692a(6). The relevant portion of the definition is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

An entity that satisfies *either* standard is a debt collector under the Act. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 n.3 (11th Cir. 2015). The dispositive point in the case at bar is that Congress subjected Defendant to FDCPA coverage under the **first** prong of § 1692a(6). That prong applies to an entity engaging "in any business the principal purpose of which is the collection of any debts," and, as explained *infra*, describes Defendant's collection conduct.

In *Henson v. Santander Consumer USA, Inc*., __ U.S. __, 2017 WL 2507342 (June 12, 2017), the Court looked only at the **second** prong of the definition. That prong makes a person a debt collector if he "regularly collects or attempts to collect ... debts owed or due ... another."  The Court found that the defendant's practices did not meet that standard. Santander had purchased a portfolio of debts and then began to collect those debts *for itself* rather than for a third party. Because Santander owned all legal and equitable rights to the debts in question, it did not

qualify under the second prong of the definition because the debts that it was

collecting were not "owed or due or asserted to be owed or due another."

However, *Henson* did not purport to address the first prong of the definition

– i.e., "any business the principal purpose of which is the collection of any debts."

Instead, that portion of the statutory definition was disclaimed in briefs and oral

argument. The Supreme Court accordingly limited the focus of its opinion:

> the parties briefly allude to another statutory definition of
> the term "debt collector"—one that encompasses those
> engaged "in any business the principal purpose of which
> is the collection of any debts." §1692a(6). But the parties
> haven't much litigated that alternative definition and in
> granting certiorari we didn't agree to address it either.
> [¶]  With these preliminaries by the board, we can turn to
> the much narrowed question properly before us.

2017 WL 2507342, *3.

As the Court of Appeals below had noted, "The complaint does not allege,

nor do the plaintiffs argue, that Santander's *principal business* was to collect debt,

alleging instead that Santander was a consumer finance company." *Henson v.

Santander Consumer USA, Inc.*, 817 F.3d 131, 137 (4th Cir. 2016)(emphasis

added). Thus, *Henson* did not affect the first prong.

The conclusion that *Henson's* holding was so narrow is confirmed by other

sources. For example, the seminal opinion establishing the rule that the Supreme

Court adopted in *Henson* was *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d

1309 (11th Cir. 2015). But in applying that rule to determine that an entity was not

2

a debt collector under the FDCPA, the circuit nevertheless explained how a

professional bad debt portfolio buyer such as Defendant would *still* be subject to

the FDCPA under the "principal purpose" prong:

> [Plaintiff] argues that our holding creates a loophole by which entities that regularly acquire and pursue collection of defaulted debts avoid the FDCPA even though such entities are engaged in debt collection. We disagree. . . . [A]n entity whose "principal purpose" is the collection of "*any* debts," *see* § 1692a(6) (emphasis added) ("principal purpose" not modified by "owed or due another"), is subject to the FDCPA under the first definition of "debt collector," *see, e.g., Pollice* [*v. Nat'l Tax Funding, L.P.*], 225 F.3d [379] at 404 ("no question that the 'principal purpose' of [defendant's] business is the 'collection of any debts' "); "Any debts" means "all debts," including debts acquired from another, in default, or owed to the collecting entity. Therefore, where "principal purpose" is plausibly alleged, the entity described in [Plaintiff's] harried hypothetical will not escape regulation.

*Davidson*, 797 at 1316 n.8 (11th Cir. 2015)(citations omitted).

Importantly, the first authority that *Davidson* cites for this observation is

*Pollice*. There, in determining that a debt buyer was a debt collector under the Act,

the Third Circuit observed that "there is no question that the 'principal purpose' of

[the debt buyer's] business is the 'collection of any debts,' namely, defaulted

obligations which it purchases from municipalities."[1] *Pollice* at 404. Thus, the

---

[1] *Pollice* also separately held that the debt collector was a debt buyer based on the fact that it purchased debts after they had gone into default. That particular language is no longer good law after *Henson.* But, the Circuit's unrelated statement

standard remains unaffected by *Henson*, and is the law of this Circuit. Defendant is a debt collector under that definition. Specifically, Plaintiff believes that Defendant's sole business purpose is to purchase portfolios of defaulted consumer debts at steep discounts for pennies on the dollar and then attempt to collect those debts from individual consumers such as Plaintiff.[2] This business model is precisely the type of debt collection activity that the plain language of the "principal purpose" prong covers.

Thus, a debt buyer such as Defendant, whose primary or only business purpose is the acquisition and collection of portfolios of defaulted debts, remains a covered debt collector under the FDCPA.

---

that purchasing obligations amounts to debt collection did not rely on that discredited language.

[2] Because Defendant stipulated that it was a "debt collector" for purposes of the Act (Doc. 9, ¶ 2) Plaintiff did not conduct discovery to obtain the evidence that would be necessary to confirm this belief and to thereby demonstrate that the "principal purpose" of Defendant's business is the collection of debts. In light of *Henson*, relief from that stipulation might be warranted. However, Defendant would have to first demonstrate that such relief is necessary to prevent a "manifest injustice." *Waldorf v. Shuta*, 142 F.3d 601, 618 (3d Cir. 1998). Though *Waldorf* sets out a four-part test, the most critical factor here would likely be whether there is substantial evidence contrary to the stipulation – i.e., does Defendant have substantial evidence to demonstrate that collection of debts is **not** the principal purpose of Defendant's business? Plaintiff respectfully suggests that the Court set a deadline for Defendant to file such a motion, and that absent its timely filing the Court hold Defendant to its stipulation.

## **Certificate of Service**

Defendants are being contemporaneously served through the CM/ECF system.

s/ Carlo Sabatini
Carlo Sabatini